United States Bankruptcy Court
Middle District of Pennsylvania

In re:  
Cheri Ann Freeman  
    Debtor

Case No. 17-01359-RNO  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0314-1     User: AGarner     Page 1 of 1     Date Rcvd: May 16, 2017  
                       Form ID: pdf002     Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 18, 2017.

```
db           +Cheri Ann Freeman,    1075 Carlisle Road,    Biglerville, PA 17307-9225
4904986      +Aes/pheaafrn,    Attn: Bankrupcy,    Po Box 2461,    Harrisburg, PA 17105-2461
4904987      +Aes/pheaafrn,    Po Box 61047,    Harrisburg, PA 17106-1047
4904988      +Alexanders Plumbing,    4236 Fairfield Road,    Fairfield, PA 17320-9301
4904990      +Bermajo Auto Sales,    4467 York Road,    New Oxford, PA 17350-9404
4904991     ++COLUMBIA GAS,    290 W NATIONWIDE BLVD 5TH FL,    BANKRUPTCY DEPARTMENT,    COLUMBUS OH 43215-4157
              (address filed with court: Columbia Gas of PA,    Revenue Recovery,    PO Box 117,
                Columbus, OH 43216)
4904992      +Commercial Acceptance,    2300 Gettysburg Rd,    Camp Hill, PA 17011-7303
4904993       Dennis Mooney,    407 Chestnut Street,    Mount Holly Springs, PA 17065-1215
4911763       ECMC,    PO BOX 16408,    St Paul, MN 55116-0408
4904994      +JP Harris Associates, LLC,    PO Box 226,    Mechanicsburg, PA 17055-0226
4904995      +KML Law Group PC,    701 Market Street,    Suite 5000,    Philadelphia, PA 19106-1541
4904985       PA Department of Revenue,    Bureau of Individual Taxes,    Dept 280431,
                Harrisburg, PA 17128-0431
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
4904989      +E-mail/Text: banko@berkscredit.com May 16 2017 19:07:49      Berks Credit & Collections,
                Po Box 329,    Temple, PA 19560-0329
4904984       E-mail/Text: cio.bncmail@irs.gov May 16 2017 19:07:48      Internal Revenue Service,    POB 7346,
                Philadelphia, PA 19101-7346
4904996       E-mail/Text: camanagement@mtb.com May 16 2017 19:07:50      M & T Bank,    PO Box 844,
                Buffalo, NY 14240
4921558       E-mail/Text: camanagement@mtb.com May 16 2017 19:07:50      M&T Bank,    P.O. Box 840,
                Buffalo, NY 14240-0840
4904997       E-mail/Text: bkrcy@ugi.com May 16 2017 19:08:11      UGI,    PO Box 13009,    Reading, PA 19612
4904998      +E-mail/Text: kcm@yatb.com May 16 2017 19:07:43      York Adams Tax Bureau,
                Post Office Box 15627,    York, PA 17405-0156
                                                                                             TOTAL: 6
```

```
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 18, 2017                     Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 16, 2017 at the address(es) listed below:

```
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Gary J Imblum    on behalf of Debtor Cheri Ann Freeman gary.imblum@imblumlaw.com,
               gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
               ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com
              James Warmbrodt    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
Cheri Ann Freeman : CASE NO. 1-17-01359-RNO
:
: CHAPTER 13 PLAN
:     (Indicate if applicable)
: ☐ # MOTIONS TO AVOID LIENS
: ☐ # MOTIONS TO VALUE COLLATERAL
:
: ☐ ORIGINAL PLAN
:  1st   AMENDED PLAN
:           (Indicate 1ST, 2ND, 3RD, etc.)

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### PLAN PROVISIONS

**DISCHARGE:** (Check One)

☑ The debtor will seek a discharge of debts pursuant to Section 1328(a).

☐ The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

☑ This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. Plan Payments

    1. To date, the Debtor(s) has paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is **$3,600.00**, plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 05/17 | 04/20 | $100.00 | $0.00 | $3,600.00 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  | Total Payments: | $3,600.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                                                       Best Case Bankruptcy

Case 1:17-bk-01359-RNO    Doc 11    Filed 04/17/17    Entered 04/17/17 08:10:39    Desc
                         Main Document        Page 1 of 6
Case 1:17-bk-01359-RNO    Doc 17    Filed 05/18/17    Entered 05/19/17 00:46:07    Desc
                 Imaged Certificate of Notice    Page 2 of 7

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor(s) is at or under median income
☐ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $0.00 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. Liquidation of Assets

1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ *____ from the sale of property known and designated as **1075 Carlisle Road, Biglerville, PA**. All sales shall be completed within one year of confirmation of the plan. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

   **\* $20,000.00, minus other payments made to Trustee until that date.**

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

3. The Debtor estimates that the liquidation value of this estate is **$66,627.63** (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

## 2. SECURED CLAIMS

A. Pre-Confirmation Distributions. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| None | | | |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. Mortgages and Other Direct Payments by Debtor. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|

2

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 1:17-bk-01359-RNO    Doc 11    Filed 04/17/17    Entered 04/17/17 08:10:39    Desc
Main Document    Page 2 of 6
Case 1:17-bk-01359-RNO    Doc 17    Filed 05/18/17    Entered 05/19/17 00:46:07    Desc
Imaged Certificate of Notice    Page 3 of 7

Rev. 06/01/16

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| M&T Bank | 1075 Carlisle Road, Biglerville, PA | $1275.00 (See 8a, Below) Debtor proposes monthly pst petition payments in the amount of $450.00/mo. pending the sale of the real estate. | $132,244.75 *See 8a, Below |

C.     Arrears. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| M&T Bank | 1075 Carlisle Road, Biglerville PA | $32,000.00 *See 8a, Below | n/a | $0.00; to be paid from sale of real estate |

D.     Secured Claims Paid According to Modified Terms. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| None | | 0 | 0 | 0 | 0 |

* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E.     Other Secured Claims. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| Bermajo Auto Sales | 2002 Chevrolet Trailblazer | $1,000.00 *See 8a, Below | 4.5% | $1,118.60 |

F.     Surrender of Collateral. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| -NONE- | |

G.     Lien Avoidance. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Case 1:17-bk-01359-RNO    Doc 11    Filed 04/17/17    Entered 04/17/17 08:10:39    Desc
Main Document      Page 3 of 6
Case 1:17-bk-01359-RNO    Doc 17    Filed 05/18/17    Entered 05/19/17 00:46:07    Desc
Imaged Certificate of Notice      Page 4 of 7

| Name of Creditor | Description of Collateral |
|---|---|
| -NONE- | |

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers.</u>
Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

☐ Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and or/deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| York Adams Tax Bureau | Unknown; * See 8a, Below |

B. <u>Administrative Claims</u>:

(1) Trustee fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees. Check one box:

☐ In addition to the retainer of $ **0.00** already paid by the debtor, the amount of $ **0.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c).

☑ $ **\*See 8a, Below** per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| -NONE- | |

4

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Case 1:17-bk-01359-RNO   Doc 11   Filed 04/17/17   Entered 04/17/17 08:10:39   Desc
Main Document   Page 4 of 6
Case 1:17-bk-01359-RNO   Doc 17   Filed 05/18/17   Entered 05/19/17 00:46:07   Desc
Imaged Certificate of Notice   Page 5 of 7

Rev. 06/01/16

4. UNSECURED CLAIMS

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| AES/PHEAA | Non Dischargeable Student Loans to be paid, directly, outside of plan. | | | $0.00 |

   B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| Francisco Ugaldi | n/a; Debtor is landlord | $625.00 | n/a | $0.00 | n/a | Assume |
| Courtney Pritt | n/a; Debtor is landlord | $625.00 | n/a | $0.00 | n/a | Assume |

6. **REVESTING OF PROPERTY: (Check One)**
   ☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)
   ☑ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

   (NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| -NONE- | | | | |

8. **OTHER PLAN PROVISIONS**

   A. Include the additional provisions below or on an attachment. **(NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

   1A. If one of the debtors is not employed at the time of the filing of the plan, but has the ability to work, Debtor(s) will notify counsel when he (or she) returns to work, and any necessary adjustments to the plan will be made at that time.

   2B. Stated amounts are estimates. Actual amounts are to be determined in accordance with the loan documents.

   2(C) & 2(E) Amounts stated are estimated. Payment will be made of the pre petition arrearage as stated in a timely filed Proof of Claim. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties. Debtor(s) waive the right to object to these claims after the Plan is confirmed.

   3A. IRS and PA Department of Revenue and York Adams Tax Bureau - The priority and/or secured portion of a timely filed allowed Proof of Claim shall be paid in full through the Plan. If an objection is filed to any such claim, the amount of the unsecured priority and secured claim determined by the Court or through agreement of the parties shall be paid in full through the Plan.

   Debtor may in the future provide for payment of post petition federal, state and/or
   local tax claims to the detriment of non priority unsecured claims.

   3B(2). Debtor's counsel will keep a record of all time invested in this case by counsel and paralegals. The hourly rate for

5

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 1:17-bk-01359-RNO    Doc 11    Filed 04/17/17    Entered 04/17/17 08:10:39    Desc
Main Document    Page 5 of 6
Case 1:17-bk-01359-RNO    Doc 17    Filed 05/18/17    Entered 05/19/17 00:46:07    Desc
Imaged Certificate of Notice    Page 6 of 7

Rev. 06/01/16

Debtor(s) counsel is $295.00. The hourly rate for associate counsel is $235.00. The hourly rate for paralegal time is $135.00. These hourly rates are subject to revision at the end of each calendar year. A Fee Application will be filed with the Court for all fees and costs incurred. Credit will be given for the retainer.

9. **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: 4/17/17

Gary J. Imblum/42606
Attorney for Debtor

Cheri Ann Freeman
Debtor

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy